UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                **Plaintiff**<br><br>                v.<br><br>JORGE MARTINEZ,<br><br>                **Defendant** | **CASE NO. 1:15-CR-0288-AWI-SKO-13**<br><br>**ORDER ON MOTION FOR COMPASSIONATE RELEASE**<br><br>(Doc. No. 492) |

Defendant Jorge Martinez seeks compassionate release or, in the alternative, modification of his federal prison sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and 28 CFR § 571.61 on the grounds that his mother is terminally ill and he has elevated COVID-19 risk due to his co-morbidities and multiple COVID-19 infections in the facility where he is housed. For the reasons that follow, the motion will be denied.

## **BACKGROUND**

On June 26, 2017, Martinez was sentenced to 50 months in federal prison and a 36-month term of supervised release under 21 U.S.C. §§ 841(a)(1), (b)(1)(C) for possession of a controlled substances with intent to distribute. Doc. No. 492 at 2:16-26.

Martinez began serving his sentence on August 7, 2017 with a projected release date of March 13, 2021. Doc. No. 492 at 2:24-26. At one point, Martinez had a provisional release date of April 15, 2020, but his early release was revoked because he failed to complete the halfway house component of the Residential Drug Abuse Treatment program. Doc. No. 494, Part II.C. At the time Martinez filed this motion, he had completed approximately 33 months of his sentence and

was in the Santa Rita Jail in Alameda County, pending transfer back to a Federal Bureau of Prisons ("BOP") facility. Doc. No. 494, Part II.F.

On April 15, 2020, counsel for Martinez sent a fax to the Western Regional Office of the BOP that read as follows:

> I would like to know the procedure for requesting (1) reconsideration of the decision to remove Mr. Martinez from his RRM placement and to revoke his time credits; and (2) to request compassionate release on his behalf. The latter request is based on his mother's having stage 4 metastatic cancer and not being expected to live until the end of the year.
>
> Please send me any forms that I need to complete to further these requests.

Doc. No. 494, page 10 of 25, line 23, through page 11 of 25, line 1.

On April 24, 2020, Martinez brought the instant motion. Doc. No. 492.

On May 17, 2020, counsel for Martinez filed a supplemental declaration providing an update on COVID-19 in Santa Rita Jail and BOP facilities and stating that Martinez "ha[d] not received any correspondence from the [BOP] or anyone else" in response to his email of April 15, 2020. Doc. No. 498.

On July 31, 2020, Martinez filed a request for an expedited hearing on his motion on the grounds that it had become "very clear that the Federal Bureau of Prisons w[ould] not address his administrative requests." Doc. No. 505. Also on July 31, 2020, counsel for Martinez filed a supplemental declaration in support of Martinez's motion with exhibits showing that he (counsel for Martinez) sent an email to the BOP on June 2, 2020 "making an emergency compassionate release request on [] Martinez's behalf" and on June 4, 2020 purporting to "supplement" Martinez's compassionate release request with supporting information. Doc. No. 506, page 6 of 13. The June 4, 2020 email stated, for example, that Martinez would reside with his mother upon release and that Martinez's request for release was based on both his mother's illness and his "susceptibility to COVID-19." Id. On June 4, 2020, counsel for Martinez also sent to the BOP papers filed with this Court in support of Martinez's motion. Id. at page 8 of 13.

On July 23, 2020, the United States filed a supplemental declaration of its own elaborating on its opposition to Martinez's motion, Doc. No. 507, and on July 27, 2020, Martinez filed a supplemental declaration disputing certain assertions therein. Doc. No. 511.

# DEFENDANT'S MOTION

*Defendant's Argument*

Martinez asserts that compassionate release is warranted under the "extraordinary and compelling reasons" standard in 18 U.S.C. § 3582(c)(1)(A)(i) because there has been a "significant coronavirus outbreak" at the Santa Rita Jail, Doc. No. 492 at 2:1-14, and he is "especially susceptible" to infection because he "has been diagnosed with diabetes, high blood pressure, high cholesterol, and arthritis since approximately 2012." Id. at 2:1 & 3:11-12. On reply, Martinez also adds that "he has consistently been diagnosed as purified protein derivative (PPD) positive [footnote omitted] and/or as having tuberculosis." Doc. No. 496 at 2:6-16. Further, Martinez argues that he: is not a danger to others because he was not convicted of a violent or dangerous crime; has accepted responsibility for his crime; and deserves mercy because his mother has end-stage cancer. Doc. No. 492, "Points and Authorities," Part B. Martinez also takes the position that exhaustion of administrative remedies under 18 U.S.C. § 3582(c)(1)(A) is not required in his case because the COVID-19 pandemic creates an "exception to the exhaustion requirement," id., "Points and Authorities," Part C, and that, in any event, he satisfied the exhaustion requirement *pendente lite* because more than 30 days has passed since his April 15, 2020 request for compassionate release and since he "renewed his request for compassionate release … on June 4, 2020." Doc. No. 506, pages 1 to 2 of 13.

*Government's Opposition*

The United States argues that the motion should be denied because Martinez has failed to meet the mandatory administrative exhaustion requirements for compassionate release and because "his personal health characteristics are not extraordinary reasons for release or re-sentencing." Doc. No. 494, Part I. Further, the United States contends that Martinez's medical records as maintained by the BOP do not show that Martinez suffers from the conditions he claims and that Martinez has multiple siblings—including a sibling residing in Visalia—who could care for Martinez's ill mother. Id., Part II.D.

# LEGAL STANDARD

Criminal defendants are empowered to request compassionate release (or sentence

modifications) for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, 18 U.S.C. § 3582 provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ...

18 U.S.C. § 3582(c)(1)(A)(i).

Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," the defendant must at least ask the [BOP] to do so on their behalf and give [the] BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34.

28 C.F.R. § 571.61(a), which sets forth the requirements for a 18 U.S.C. § 3582(c)(1)(A) request, see United States v. Mogavero, 2020 WL 1853754, *2 (D. Nev. Apr. 13, 2020), states, in pertinent part, as follows:

> An inmate may initiate a request for consideration under 18 U.S.C. [ ] 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing. The inmate's request shall at a minimum contain the following information:
>
> (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
>
> (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a).

1       "A defendant who has not 'requested compassionate release from the [BOP] or otherwise
2 exhausted his administrative remedies' is not entitled to a reduction of his term of imprisonment,"
3 United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (citing United States v.
4 Solis, 2019 WL 2518452, *2 (S.D. Ala. June 18, 2019)), and it is the burden of the defendant
5 seeking compassionate release to demonstrate exhaustion under 18 U.S.C. § 3582(c)(1)(A).  See
6 United States v. Addison, 2020 U.S. Dist. LEXIS 143518, *4 (E.D. La. Aug. 11, 2020); United
7 States v. Van Sickle, 2020 U.S. Dist. LEXIS 80854, *9 (W.D. Wash. May 7, 2020) (and cases
8 cited therein).

## DISCUSSION

10     The Court will deny the instant motion because Martinez has failed to satisfy the
11 administrative exhaustion requirements in 18 U.S.C. § 3582(c)(1)(A).

12 **I.**     **April 15, 2020 Fax**

13     As set forth above, 28 C.F.R. § 571.61(a) states that a request to the BOP for
14 compassionate release under 18 U.S.C. § 3582(c)(1)(A) must include "[t]he extraordinary or
15 compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release
16 plans, including where the inmate will reside, [and] how the inmate will support
17 himself/herself...." 28 C.F.R. § 571.61(a)(1)-(2). This information is required for the BOP to
18 "evaluate the request, and decide in the first instance whether it justifies seeking compassionate
19 release or pursuing some other form of relief" on behalf of an incarcerated person. United States v.
20 Asmar, 2020 WL 3163056, *3 (E.D. Mich. June 5, 2020).

21     Even assuming it was intended to be a request for compassionate release (as opposed to a
22 mere request for guidance on how to make a request for compassionate release), the April 15,
23 2020 fax from Martinez's counsel to the BOP contains no reference to a proposed release plan and
24 states in a most perfunctory manner that Martinez's release would be based on "his mother's
25 having stage 4 metastatic cancer," with no elaboration on that premise or mention of COVID-19.
26 Doc. No. 494, Part II.E.

27     In *United States v. Head*, the defendant seeking compassionate release sent an email to the
28 BOP that read as follows:

5

I AM REQUESTING THAT THE BOP SUBMIT A MOTION ON MY BEHALF FOR IMMEDIATE RELEASE PURSUANT TO 18 USC 3582(C)(1)(A)--(COMPASSIONATE RELEASE)--DUE TO THE COVID-19 VIRUS AND MY PREEXISTING CONDITIONS RENDERING ME VULNERABLE TO THE DISEASE.

2020 WL 3180149, *3 (E.D. Cal. June 15, 2020), as amended (July 1, 2020) (Mueller, C.J.). The court found that the email was sufficient—despite the fact that it did not spell out what the defendant's "preexisting conditions" were or set forth a release plan—because "the record strongly suggest[ed] prison officials were aware of defendant's vulnerability to COVID-19" from other sources and the defendant had already "been preliminarily approved for home confinement at a specific address with a specific release plan." Id. at *4. Moreover, the court noted that the defendant was not represented by counsel, and found, under the liberal construction standards applicable to *pro se* filings, that the "defendant's not having packaged up together all of the required information in support of his initial request…d[id] not prevent the triggering of the 30-day time period" for administrative exhaustion under 18 U.S.C. § 3582(c)(1)(A). Id.

None of these extenuating circumstances apply here. The fax in question was sent by an attorney. There is no indication that Martinez had furnished the BOP with a proposed release plan through other channels prior to the April 15, 2020 fax. And even assuming the illness of a family member could satisfy the "extraordinary and compelling reasons" standard in 18 U.S.C. § 3582(c)(1)(A)(i), Martinez makes no showing that the BOP was in a position to assess his mother's condition or the impact that Martinez's continued imprisonment would have on Martinez or his mother based on information already in the BOP's possession. See Asmar, 2020 WL 3163056 at *3.

Moreover, inasmuch as the putative request for compassionate release in the April 15, 2020 fax is predicated solely on Martinez's mother's illness, the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) was not satisfied because the April 15, 2020 fax did not give the BOP an opportunity to address the substance of Martinez's motion, which focuses almost entirely on Martinez's elevated risk of COVID-19-related illness due to his co-morbidities and the COVID-19 outbreak in the Santa Rita Jail. See Asmar, 2020 WL 3163056 at *3 ("Where the factual basis in the administrative request and the motion before the court are different, a defendant does not

satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request before [d]efendant brings his request to the courts."); United States v. Jenkins, 2020 WL 1872568, *1 (D. Neb. Apr. 14, 2020) ("Simply put, the Court cannot consider a motion for compassionate release that is based on evidence or arguments that weren't presented to the Bureau of Prisons first."); Mogavero, 2020 WL 1853754 at *2 ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden."); United States v. Valenta, 2020 WL 1689786, *1 (W.D. Pa. Apr. 7, 2020), reconsideration denied, 2020 WL 1984319 (W.D. Pa. Apr. 27, 2020) ("One of the purposes for requiring prisoners to exhaust their administrative remedies before bringing a claim in federal court is to give the BOP an opportunity to address the issue. [citation omitted] To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing.").

Thus, the April 15, 2020 fax did not constitute a request for compassionate release under 28 C.F.R. § 571.61(a) that could satisfy the 18 U.S.C. § 3582(c)(1)(A)(i) exhaustion requirement. See Mogavero, 2020 WL 1853754 at *2.

**II.      30-Day Waiting Period**

This motion fails for the additional reason that the instant motion was brought on April 24, 2020—just nine days after the April 15, 2020 fax. Doc. No. 492, "Points and Authorities," Part C. Thus, even assuming the April 15, 2020 fax could somehow be read to satisfy 28 C.F.R. § 571.61(a) and 18 U.S.C. § 3582(c)(1)(A), Martinez failed to exhaust administrative remedies because he filed this action before the 30-day waiting period under 18 U.S.C. § 3582(c)(1)(A) had elapsed. See Raia, 954 F.3d at 595 (stating that defendants must give BOP thirty days to respond to requests for compassionate release before brining motions for compassionate release in federal court).

Further, the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) cannot be satisfied after a motion for compassionate release is filed in federal court. In *Vaden v. Summerhill,* a California state prisoner brought a complaint in federal court before he had exhausted his administrative remedies within the state prison system, but exhausted administrative remedies by

7

1  the time the court granted his motion to proceed *in forma pauperis*. 449 F.3d 1047, 1048 (9th Cir.
2  2006). The Ninth Circuit held that "the district court must dismiss [the] suit without prejudice"—
3  despite the fact that administrative remedies had been exhausted *pendente lite*—because the plain
4  language of the applicable statute (42 U.S.C. § 1997e(a)) required the exhaustion of administrative
5  remedies prior to the commencement of litigation. Vaden, 449 F.3d at 1049-1050 (citing
6  McKinney v. Carey, 311 F.3d 1198, 1200–01 (9th Cir. 2002) (per curiam)). "[D]ismissal was
7  required because the exhaustion requirement was mandatory," the Ninth Circuit held, adding that
8  exhaustion requirements are "routinely enforced 'by dismissing a suit that begins too soon, even if
9  the plaintiff exhausts his administrative remedies while the litigation is pending.' " Vaden, 449
10 F.3d at 1051 (quoting Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004)).

11        The same rule applies here. 18 U.S.C. § 3582(c)(1)(A) provides that a federal court may
12 only modify a term of imprisonment upon a motion of the Director of the BOP or "upon motion of
13 [a] defendant *after the defendant has fully exhausted all administrative rights* to appeal a failure of
14 the Bureau of Prisons to bring a motion on the defendant's behalf or *the lapse of 30 days from the*
15 *receipt of such a request by the warden of the defendant's facility*." 18 U.S.C. § 3582(c)(1)(A)
16 (emphasis added). In other words, "[t]he Director of the BOP may request a sentence reduction in
17 court at any time," but a defendant may only move for a sentence modification in federal court
18 "after fully exhausting remedies within the BOP or after 30 days have passed since he or she
19 sought administrative remedies." United States v. Shkambi, 2020 WL 4536164, *2 (E.D. Tex.
20 Aug. 6, 2020).

21        Since it is undisputed that Martinez never pursued a BOP appeal and that Martinez brought
22 the instant motion just nine days after the April 15, 2020 fax to the BOP, the motion at bar does
23 not satisfy either of the two 18 U.S.C. § 3582(c)(1)(A) prerequisites for motions by defendants: It
24 was not brought after Martinez "fully exhausted all administrative rights" and it was not brought
25 "after … the lapse of 30 days" from an administrative request for compassionate release. Thus, the
26 Court is without power to modify Martinez's sentence, even assuming the April 15, 2020 email or,
27 alternatively, the June 2020 emails triggered the 30-day waiting period. See Vaden, 449 F.3d at
28 1049-1050; see also, Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019) ("subject

matter jurisdiction must exist as of the time the action is commenced [citation], especially in the context of administrative exhaustion [citation]"); Brown v. Rasley, 2018 WL 4042822, *4 (E.D. Cal. Aug. 23, 2018), report and recommendation adopted, 2018 WL 6169624 (E.D. Cal. Nov. 26, 2018) ("The Ninth Circuit has repeatedly held that a prisoner may not litigate claims that were not exhausted prior to filing suit.").

### III. Waiver of 18 U.S.C. § 3582(c)(1)(A) Administrative Exhaustion Requirement

Martinez argues that the COVID-19 pandemic is an "exception to the exhaustion requirement" and that, consequently, the Court can grant his motion even though he has failed to comply with 18 U.S.C. § 3582(c)(1)(A).

The Third and Sixth Circuits, however, have found that the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is mandatory even in the context of COVID-19. Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point."). The Ninth Circuit, moreover, has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of discretion by the court." Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw, 946 F.3d at 541. Consistent with *Gallo Cattle* and *Shaw*, numerous district courts, including opinions from the Eastern District of California, have held that 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement may not be waived. E.g. United States v. Howard, 2020 U.S. Dist. LEXIS 113628, *5 (E.D. Cal. June 29, 2020) (Ishii, J.); United States v. Logan, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v. Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020) (Mueller, C.J.).

In short, the failure to exhaust administrative remedies as mandated by 18 U.S.C. §

3582(c)(1)(A) is a jurisdictional failure, and this Court is accordingly without power to grant the instant motion. See Gallo Cattle, 159 F.3d at 1197; United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); Howard, 2020 U.S. Dist. LEXIS 113628 at *5; United States v. Smith, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14, 2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

## **CONCLUSION**

In sum, the Court will DENY the motion because Martinez has failed to satisfy the administrative exhaustion requirements in 18 U.S.C. § 3582(c)(1)(A). See Rodriguez, 424 F. Supp. 3d at 680. In light of this ruling, the Court declines to address the merits of the motion.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Defendant's motion for compassionate release (Doc. No. 492) is DENIED without prejudice; and
2. Defendant's request for hearing (Doc. No. 505) is DENIED as moot.

IT IS SO ORDERED.

Dated:   September 17, 2020                                        /s/ signature

                                                                   SENIOR  DISTRICT  JUDGE